**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALFRED RISIEN HAMMAN,**
**o/b/o the minor**
**W.H.H.**

                               **CASE NO.:  6:19-cv-2243-Orl-40-DCI**

        **Plaintiffs,**

                             ***DISPOSITIVE MOTION***

**v.**

**THE UNIVERSITY OF CENTRAL FLORIDA**
**BOARD OF TRUSTEES and VALENCIA COLLEGE**
**BOARD OF TRUSTEES,**

        **Defendants.**

_____/

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**
**AND FOR IMPOSITION OF SANCTIONS AGAINST PLAINTIFF**

Defendants, THE UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES

("UCF") and  THE DISTRICT BOARD OF TRUSTEES OF VALENCIA COLLEGE, FLORIDA

("Valencia") (together with UCF, "Defendants"), by and through their undersigned counsel and

pursuant to Fed. R. Civ P. 12(b)(1) and (6), hereby this Court to dismiss the Amended Complaint

in the instant matter with prejudice, and impose monetary sanctions on Plaintiff, ALFRED RISIEN

HAMMAN o/b/o the minor W.H.H. ("Hamman"), pursuant to 28 U.S.C. § 1927, and this Court's

inherent authority to sanction parties for the vexatious and unreasonable actions he has taken in

this litigation and forced upon Defendants and this Court.  Defendants further request that this

Court enter an order limiting Hamman's ability to file future pleadings in this Court when

proceeding *pro se*.

## **INTRODUCTION**

Hamman, a minor and a home-educated student who has participated in Valencia's dual-enrollment program, appearing *pro se* through his father, previously has filed numerous meritless complaints and petitions challenging Defendants' administration of their respective dual enrollment ("DE") programs, claiming that various aspects of their admissions and program requirements and rules are unlawful.   In addition to being duplicative, since the inception of these related and frivolous lawsuits in 2016, Hamman's pleadings have become increasingly surreal, profane, and incomprehensible.   Moreover, each court which has considered the merits of his duplicative claims has dismissed them in full.   Hamman now recycles his baseless claims yet again against Defendants in this suit.   Enough is enough – Hamman should not get what is in essence the eleventh opportunity for judicial review.   His Amended Complaint should be dismissed, in whole or in substantial part, because it is precluded under the doctrines of *res judicata* and collateral estoppel.   Additionally, to the extent that he challenges Valencia's admissions requirements for its DE program, such claims should be dismissed as moot because Hamman has already complied with Valencia's admissions requirements and been admitted to the program.[1] Defendants further request that this Court enter an order awarding Defendants their reasonable attorneys' fees in defending this action and prohibiting Hamman from filing future pleadings absent representation by a member in good standing of the Florida Bar.

---

[1] Defendants' claims of *res judicata,* and collateral estoppel are properly raised under Fed. R. Civ. P. 12(b)(6).   *Starship Enterprises of Atlanta, Inc., v. Coweta County, Georgia*, 708 F.3d 1243, 1252 & n. 13 (11th Cir. 2013) (*res judicata*); *Haddad v. Dudek,* 784 Supp. 2d 1308, 1324 (M.D. Fla. 2011) (collateral estoppel).   Claims of mootness are properly brought under Fed. R. Civ. P. 12(b)(1).   *Troiano v. Supervisor of Elections,* 382 F.3d 1276, 1278 (11th Cir 2004).

## BACKGROUND

### The First Lawsuit: Hamman Sues Valencia In Orange County Circuit Court

1.      The tortured procedural history of the instant matter began on October 11, 2016, when Hamman initiated an action against Valencia in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("Orange County Circuit Court"), Case No. 2016-CA-008841-O (the "Valencia 2016 Orange County Circuit Court Action").   **Exhibit 1**.  The crux of his complaint was his allegation that Valencia's admission requirements, including a transcript, minimum grade point average ("G.P.A."), and Postsecondary Education Readiness Test ("P.E.R.T.") scores, were unlawful.   Notably, Hamman satisfied these requirements and was admitted to and participated in Valencia's DE program.

2.      Valencia filed a Motion to Dismiss on July 5, 2017, **Exhibit 2**, which motion the Orange County Circuit Court heard on May 23, 2018.

3.      The Orange County Circuit Court dismissed the Valencia 2016 Orange County Circuit Court Action with prejudice by order dated June 22, 2018.  **Exhibit 3**.

### Hamman Again Sues Valencia In Orange County Circuit Court

4.      On January 4, 2018, Hamman initiated a second lawsuit against Valencia also in the Orange County Circuit Court, Case No. 2018-CA-000093-O, ("Valencia 2018 Orange County Circuit Court Action") styled as a "Complaint for Declaratory Judgement", although it purported to request both declaratory and injunctive relief.  **Exhibit 4**.

5.       The crux of the Valencia 2018 Orange County Circuit Court Action was again Hamman's claim that he had not been treated fairly as a home education student with respect to Valencia's DE program.  He claimed that he had not been given unfettered access to any and all of Valencia's course offerings, and again challenged certain admissions requirements.  In response to the Complaint, on February 5, 2018, Valencia filed its Motion to Dismiss.  **Exhibit 5**.

6.       A hearing on Valencia's Motion to Dismiss was held on May 23, 2018, and on June 22, 2018, the Orange County Circuit Court entered its order dismissing the Valencia 2018 Orange County Circuit Court Action in full.  **Exhibit 6**.

**Hamman Institutes Proceedings Against Valencia**
**In Florida's Fifth District Court of Appeal**

7.       While the Orange County Circuit Court's rulings on Valencia's Motions to Dismiss were pending, on June 4, 2018, Hamman initiated proceedings against Valencia with the Fifth District Court of Appeals ("Fifth DCA"), Case No. 5D18-1797 ("Valencia Fifth DCA Action"), by filing a "Basis for Invoking Jurisdiction," **Exhibit 7**, and an "Emergency Verified Motion for Temporary Injunction Required by Monday, June 4."  **Exhibit 8.**

8.       On June 19, 2018, Valencia filed its Response in Opposition to the Emergency Verified Motion for Temporary Injunction required by Monday, June 4.  **Exhibit 9.**

9.       On June 15, 2018, Hamman filed his "Amended Emergency Petition for Certiorari Review."   **Exhibit 10.**  Valencia responded to the Amended Petition on July 17, 2018.  **Exhibit 11.**

10.       While the Amended Petition remained pending, on August 22, 2018, Hamman filed two more frivolous and legally unsupported pleadings, styled as a "Motion to Submit Extraordinary Petition" and an "Extraordinary Petition."  **Exhibits 12 and 13**.      The Extraordinary Petition purported to seek writs of mandamus, quo warranto, and writs "in nisi" on twelve enumerated counts.  *See generally* Ex. 12.      Valencia filed its Response to the Extraordinary Petition on September 10, 2018.  **Exhibit 14.**

11.       On August 24, 2018, Hamman filed a "Verified Motion for Temporary Injunction" **Exhibit 15**, improperly seeking injunctive relief from the Fifth DCA.  Valencia filed its response on September 10, 2018.  **Exhibit 16.**

4

12.     On October 1, 2018, Hamman filed a "Motion for Leave to Amend Extraordinary Petition." **Exhibit 17**.

13.     On October 16, 2018, Hamman filed a "Motion for Leave to Submit." **Exhibit 18**.

14.     On February 14, 2019, the Fifth DCA entered an order summarily denying Plaintiff's Verified Motion for Temporary Injunction, Motion for Leave to Amend Extraordinary Petition, and Motion for Leave to Submit.  **Exhibit 19**.   The Fifth DCA further ordered that the Petition for Writ of Certiorari and the Amended Petitions be dismissed.  *Id.*

### Hamman Sues UCF In Orange County Circuit Court

16.     On January 4, 2018,  Hamman initiated an action against UCF in the Orange County Circuit Court, Case No. 2018-CA-000094-O, ("UCF Orange County Circuit Court Action")  styled as a "Complaint for Declaratory Judgement,"  ("UCF Orange County Circuit Court Complaint") although it purported to seek both declaratory and injunctive relief.  **Exhibit 20**.

17.     Similar to his state court claim against Valencia, the crux of the UCF Orange County Circuit Court Action was Hamman's claim that he had not been treated fairly as a home education student with respect to UCF's DE program, in that he had not been exempted from UCF's general admissions requirements (including G.P.A. or testing requirements) or been given unfettered access to any and all of UCF's course offerings.  ***Notably, to date, Hamman has never applied to or participated in UCF's DE program.***

18.     Also on January 4, 2018, Hamman filed a "Verified Motion for Preliminary Injunction and Incorporated Memorandum of Law" ("Motion for Preliminary Injunction"). **Exhibit 21**.  When his UCF Orange County Circuit Court Complaint and Motion for Preliminary Injunction did not result in a prompt award of the relief Hamman sought, he turned to seeking a writ of mandamus.  On March 12, 2018, he filed with the circuit court a Petition for Writ of

Mandamus, **Exhibit 22**, seeking an alternative writ of mandamus compelling UCF to "fulfill the Dual Enrollment program as specifically legislated" by foregoing its general requirement (applicable to all DE students) of a minimum G.P.A. and transcript for admission to the program. *Id*. at 9.  Hamman further requested that the court issue a writ: (1) directing UCF to enter into a DE Articulation Agreement with him immediately; (2) ordering UCF to comply with a DE FAQ posted on the Florida Department of Education website; and (3) ordering UCF to offer Hamman Directed Independent Study courses "in any discipline in which [Hamman] would have sought classes."  *Id*. at 10.  The Orange County Circuit Court did not immediately rule on this motion.

19.     When this relief was not promptly issued, Hamman filed a so-called "Emergency Ex Parte Motion for Writ of Mandamus" ("Emergency Motion for Writ of Mandamus") on May 9, 2018.  **Exhibit 23**.   He again sought a writ of mandamus directing UCF to allow him to participate in the DE program.  Again, Hamman had never applied to UCF's program (and still has not applied to date), and the Emergency Motion for Writ of Mandamus remains pending in the circuit court.

20.     The UCF Orange County Circuit Court Action remains pending.

**Hamman Files Writs Against UCF In Florida's Fifth District Court of Appeal**

21.     While the Orange County Circuit Court's ruling on the Emergency Motion for Writ of Mandamus was pending, on August 31, 2018, Hamman initiated proceedings against UCF in the Fifth DCA, Case No. 5D-18-2806 ("UCF Fifth DCA Action"), by filing an "Extraordinary Certiorari Petition" ("Petition for Writ of Mandamus").  **Exhibit 24**.   Notably, the Petition for Writ of Mandamus did not identify any order from the lower court for which Hamman sought appellate review.  *Id.*

22.     On September 20, 2018, the Fifth DCA entered an Order stating that the August 31, 2018, Petition for Certiorari should properly proceed as a Petition for Writ of Mandamus.   In response to this Order, on September 28, 2018, Hamman filed an Amended Petition for Writ of Mandamus ("Amended Petition").  **Exhibit 25.**   The Amended Petition rehashed Hamman's same arguments regarding that UCF's admissions requirements for its DE program were somehow illegal.

23.     On October 2, 2018, the Court issued an order directing Hamman to file, within 10 days, a supplemental Petition for Writ of Mandamus addressing whether Hamman had noticed and set his pending petitions and motions in the trial court for hearing.  **Exhibit 26.**

24.     On October 9, 2018,  Hamman filed a Supplemental Petition for Writ of Mandamus ("Supplemental Petition")  **Exhibit 27**.   In this pleading, Hamman essentially argued that he was not required to set his pending petitions and motions in the trial court for hearing because he sought relief in mandamus, and he was entitled to relief solely on the pleadings.  *See generally id.*

25.     On March 4, 2019, the Fifth DCA entered an Order denying the Petition for Writ of Mandamus, the Amended Petition, and the Supplemental Petition on the merits.  **Exhibit 28.**

## Hamman Files Duplicative Writs In The Supreme Court Of Florida Against UCF

26.     On March 8, 2019, Hamman initiated proceedings against UCF with the Supreme Court of Florida, Case No. SC19-386, by filing an "Emergency Petition for Writ of Mandamus Re: The Florida Dual Enrollment Fraud,"  **Exhibit 29,** and a "Supplemental Petition for Writ of Mandamus Re: The Florida Dual Enrollment Fraud," **Exhibit 30.**  In these pleadings, he re-hashed his complaints regarding UCF's minimum G.P.A. requirements for its DE programs, entrance testing requirements, and added to his list of grievances that UCF was somehow legally prohibited

from exercising any discretion in its admissions.  He also added certain ambiguous, unsupported and incomprehensible claims of fraud by UCF and its counsel.

27.     When these pleadings again did not result in an immediate award of the relief requested, on March  18, 2019, Hamman filed a "2nd Supplemental Petition for Writ of Mandamus Re: The New and Most Heinous Act Perpetrated by UCF."  **Exhibit 31.**   The 2nd Supplemental Petition was, addition to being devoid of legal merit, rife with foul language and largely incomprehensible.  (*See, e.g.*, pg. 3 of *id.*, ""Son of a bitch!!!!   Chum JUST sent her sharks to try to take a bite out of me to keep their crimes in the dark!!!   Throw em (sic) all back in then jump back in with me son, tonite (sic) we dine.   Havoc!!!," pg. 6  (Hamman defines "Chum" on pg. 3 as UCF's in-house counsel, Youndy Cook), " Screw' you and [referencing this firm and the undersigned] the whores you rode in on,' Chum, who have been lying to the tribunal in this case exactly the same way that they were DQ'd for lying to the Judge about Vladimir Putin's involvement in the Magnitzky affair," and pgs. 13-14, "I mean, yalls bullshit is clearly the toxic dysentery bullshit, but you get the picture.")

28.     On March 29, 2019, Hamman initiated yet another case with the Florida Supreme Court, Case No. SC19-522 – also brought against UCF – (together with Case No. SC19-386, "UCF Florida Supreme Court Cases") by filing a "Petition for Writ of Mandamus," in which he again challenged the exact same G.P.A. requirement.  **Exhibit 32.**

29.     Given the identical parties and identical issues at bar, the two cases were consolidated by the Florida Supreme Court via an order issued on May 30, 2019.  **Exhibit 33**.

30.     In the same order, the court denied Hamman's various petitions for writ of mandamus both cases as successive, citing *Jenkins v. Wainwright*, 322 So. 2d 477, 478 (Fla. 1975) (declaring that once a petitioner seeks relief in a particular court by means of a petition for

extraordinary writ, he has picked his forum and is not entitled to a second or third opportunity for the same relief by the same writ in a different court).  *Id.*

### Hamman Files Duplicative Petitions With The United States Supreme Court Challenging Defendants' Dual Enrollment Programs

31.     On May 28, 2019, Hamman filed a Petition for Certiorari in the United States Supreme Court naming UCF and Valencia as Respondents, Case No. 19-420, renewing his challenges to Valencia and UCF's G.P.A. and other admissions requirements for their DE programs.  **Exhibit 34.**

32.     On September 11, 2019, Hamman filed a Petition for Writ of Habeas Corpus in the United States Supreme Court naming Governor Ron DeSantis and Attorney General Ashley Moody as Respondents, Case No. 19-421 (together with Case No. 19-420, "Supreme Court Actions.")  **Exhibit 35.**   The Petition again raised the same issues regarding whether Florida's public colleges could require a high school G.P.A. or other admissions requirements.  *See id.*

33.     On October 21, 2019, the United States Supreme Court denied Hamman's Petition for Writ of Habeas Corpus with respect to Case No. 19-421.  **Exhibit 36.**

34.     On November 25, 2019, the United States Supreme Court denied Hamman's Petition for Certiorari with respect to Case No. 19-420.  **Exhibit 37.**

### Hamman Sues UCF, Valencia, Their Counsel And Florida's Governor In This Court

35.     While the Supreme Court Actions remained pending, Hamman initiated yet another action, Case No. 6:19-cv-01153-CEM-GJK, before this Court.  Specifically, on June 21, 2019, Hamman filed a Complaint ("June 2019 Complaint") against both undersigned counsel, BakerHostetler (law firm of the undersigned counsel), Governor Ron Desantis, UCF and Valencia. **Exhibit 38.**

36.     In the June 2019 Complaint, Hamman regurgitated his largely unintelligible claims that he was somehow being denied equal protection under the law or due process because he was denied a college education pursuant to UCF and Valencia's admissions requirements for DE students (including the G.P.A requirement and P.E.R.T. or S.A.T/A.C.T. score requirements).  He also recycled his vexatious and baseless allegations that UCF, Valencia, and their counsel were engaging in "fraud" upon the court system and against "millions" of DE eligible students in Florida.

37.     On September 26, 2019, this Court entered an Order directing Hamman to pay the remainder of the filing fee or file a properly supported motion to proceed *in forma pauperis*. **Exhibit 39.**

38.     On November 4, 2019, when Hamman had neither paid the filing fee nor filed a motion to proceed *in forma pauperis*, this Court entered an order dismissing Case No. 6:19-cv-01153-CEM-GJK in full.  **Exhibit 40.**

## The Instant Lawsuit: Hamman Sues UCF And Valencia In This Court

39.     Multiple runs up the judicial system apparently being insufficient, on November 26, 2019 – one day after the United States Supreme Court rejected his claims –  Hamman initiated the instant action, initially naming only UCF in the Complaint [Doc. 1].   Each count in his Complaint rehashed the same allegations as his prior unsuccessful lawsuits – namely, that UCF's G.P.A. and S.A.T. or A.C.T. test scores requirements for its DE program are unlawful, as is any use of discretion in the DE admissions process.

40.     Also on November 26, 2019, Hamman filed a Motion for Temporary Restraining Order ("TRO"') [Doc. 2].  The same day, the Court issued an Order denying Hamman's Motion

for TRO because, *inter alia*, he had not demonstrated a substantial likelihood of success on the merits, as required to receive his requested relief.  [Doc. 3].

41.     On December 10, 2019, Hamman filed a Motion for Reconsideration as to his Motion for TRO [Doc. 10], an Amended Motion for Reconsideration [Doc. 11], an Amended Motion for TRO [Doc. 12], and a Motion for Preliminary Injunction [Doc. 14].

42.     On December 11, 2019, Magistrate Judge Irick issued a Report and Recommendation recommending that Hamman's Amended Motion for Reconsideration and Amended Motion for TRO be denied [Doc. 16], concluding that Plaintiff had not established any grounds for reconsideration, and that the Amended TRO similarly failed to demonstrate a substantial likelihood of success on the merits.  *Id.*

43.     Also on December 11, 2019, Hamman filed a Motion to Amend the Complaint attaching a proposed amended complaint which added Valencia as an additional defendant.  [Doc. 13].  The same day, the Court issued an Order denying the motion as moot, noting that Hamman was permitted to file an amended complaint without leave pursuant to Fed.R.Civ.P. 15(a)(1)(A).

44.     The Amended Complaint was docketed on December 12, 2019.  [Doc. 18].  The Amended Complaint added rehashed, previously unsuccessful claims against Valencia challenging its G.P.A. and P.E.R.T test scores requirements for DE admissions, as well as program policies excluding one and two hour courses and "Flexstart" courses from the program, and imposing credits per semester caps.[2]

45.     On December 13, 2019, Hamman filed a "Motion for Expedited Hearing on Preliminary Injunction." [Doc. 21].

---

[2] Hamman also added rambling accusations of fraud and unethical behavior by Defendants and their counsel, as well as an allegation that Valencia's alleged "underage escort policy" is somehow unlawful.

46.     On December 17, 2019, this Court entered an Order denying the "Motion for Expedited Hearing on Preliminary Injunction" for failure to comply with Local Rule 1.05, and because it was improperly designated as an emergency motion and the Court had already set a briefing schedule for the Motion for Preliminary Injunction.  [Doc. 22].

47.     UCF and Valencia now move to dismiss the Amended Complaint and for sanctions against Hamman.

## MEMORANDUM OF LAW

I.     **THIS COURT SHOULD DISMISS THE INSTANT ACTION BECAUSE HAMMAN'S CURRENT CLAIMS ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA*.**

Hamman's claims are due for dismissal because they have already been dismissed pursuant to this Court's November 4, 2019, judgment in Case No. 6:19-cv-01153-CEM-GJK.  "*Res judicata*," or "claim preclusion," prevents a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment.  *Ragsdale v. Rubbermaid*, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  The principle underlying this doctrine is that a party who has already had an opportunity to litigate a claim before an appropriate forum generally should not have another opportunity to do so.   For *res judicata* to apply, four elements must be satisfied: (1) an entry of a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties are identical in both actions, and (4) the actions involve the same cause(s) of action.  *Id.; see also McNear v. Wells Fargo Bank, N.A.*, 2016 U.S. App. LEXIS 10123, *5-6, 2016 WL 3101282, *2 (11th Cir. June 3, 2016) (reciting elements and citing *Ragsdale*).

Here, the first element is satisfied because there has already been an entry of a final judgment on the merits.  As outlined above, Hamman previously brought another lawsuit in this Court against Defendants.  In his June 2019 Complaint, Hamman alleged the same baseless claims

against Defendants; specifically, that Defendants' G.P.A. and test scores requirements for their DE programs were somehow unlawful and/or fraudulent, and that Defendants and/or their counsel had engaged in "fraud," in addition to other surreal and rambling allegations.   On November 4, 2019, when Hamman had neither paid the filing fee nor filed a motion to proceed *in forma pauperis*, this Court entered an order dismissing Case No. 6:19-cv-01153-CEM-GJK. *See* Ex. 39.   Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which governs involuntary dismissal, unless an order specifically states otherwise, an involuntary dismissal (*i.e.*, one not consented to by plaintiff) for, *inter alia*, failure to comply with a court order operates as an adjudication on the merits.   Here, the Court's Order dismissing Case No. 6:19-cv-01153-CEM-GJK for failure to comply with the Court's order on paying the filing fee or proceeding *in forma pauperis* constituted an involuntary dismissal and did not indicate that it was anything other than an adjudication on the merits.

The second element is satisfied because the decision was rendered by a court of competent jurisdiction (indeed, Hamman filed suit again in this Court). The third element is also met because the parties to both suits are identical; UCF and Valencia were defendants and Hamman was plaintiff in both suits.

Finally, as outlined above, the claims alleged in both the June 2019 Complaint and the Amended Complaint at issue now are the same.  The Amended Complaint rehashes and recycles multiple claims from Hamman's June 2019 Complaint (and many of his other ten unsuccessful lawsuits) regarding Defendants' DE admissions requirements (namely, G.P.A. and testing requirements), as well as claims Valencia's program policies excluding one and two hour courses and "Flexstart" courses from the program, and imposing credits per semester caps.  Any other issues raised (such as Valencia's alleged underage escort policy) are clearly related to Hamman's

other numerous grievances with Defendants' DE programs, and could have been included in his June 2019 Complaint, which was dismissed.  Because the Amended Complaint is clearly barred by *res judicata*, it should be dismissed.

II.     **THIS COURT SHOULD DISMISS CLAIMS 1-13 OF THE INSTANT ACTION BECAUSE THEY ARE BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL**.

Additionally, the vast majority of Hamman's claims are barred under the doctrine of collateral estoppel, or "issue preclusion," and should be dismissed on this basis.   This doctrine stands for the proposition that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit." *F.D.I.C. v. Bayles & Co. of Am.*, 1992 WL 161055, at *5 (M.D. Fla. June 30, 1992), *aff'd sub nom. F.D.I.C. v. Bayles & Co.*, 53 F.3d 1285 (11th Cir. 1995). Collateral estoppel bars relitigating a recycled claim where:  "1) the issue at stake in the second suit is identical to one litigated in prior litigation; 2) the issue is actually litigated; 3) the determination of the issue in prior litigation was critical and necessary to prior court's judgment; and 4) the party against whom earlier decisions is asserted had full and fair opportunity to litigate issue." *Id.*

Here, nearly all of issues at stake in this action are identical to those litigated in multiple prior actions.  Specifically, the Amended Complaint seeks to relitigate challenges to UCF's G.P.A. admissions requirement under the Equal Protection Clause (Claim 1) and Due Process Clause (Claim 2), UCF's S.A.T./A.C.T. testing requirement under the Equal Protection Clause (Claim 3) and Due Process Clause (Claim 4), as well as UCF's exercise of discretion in DE admissions under the Equal Protection Clause (Claim 5) and Due Process Clause (Claim 6).  As to Valencia, the Amended Complaint again seeks to challenge Valencia's G.P.A. admissions requirement pursuant to Florida Statute Section 1007.271, an online FAQ from the Florida Board of Education ("the

14

FAQ"), and the Equal Protection Clause/Due Process Clause (Claim 7 and 8), Valencia's P.E.R.T. testing requirement under the FAQ and the Equal Protection and Due Process Clauses (Claim 9), Valencia's exclusion of one and two credit-hour courses from its DE program under the Due Process Clause (Claim 10), Valencia's credit per semester caps under the Equal Protection and Due Process Clauses and Florida Statute 1007.271 (Claim 12), and Valencia's exclusion of "Flexstart" courses from its DE program under the Equal Protection/Due Process Clauses (Claim 13). These issues have all been raised in, and were central to the litigation of, either the Valencia 2016 or 2018 Orange County Circuit Court Actions, the Valencia Fifth DCA Action, the UCF Fifth DCA Action, the UCF Florida Supreme Court Cases, and the Supreme Court Actions. In each case, the court either dismissed the operative complaint for failure to state a cause of action, or denied the applicable writ or declaratory judgment sought. *See orders of dismissal*, Exs. 3, 6, 19, 28, 33, 36, 37.

The second element is also satisfied because, as outlined above, Hamman has "actually litigated" these issues extensively; indeed, he has filed thousands of pages of pleadings on these same issues over the course of more than three years, and Defendants have responded *ad nauseum* to these duplicative pleadings. The third element is further satisfied because, in dismissing each of the actions outlined above, the applicable courts collectively have rejected the merits Hamman's duplicative allegations raised in Counts 1-13. Finally, the fourth element is satisfied because the Defendants were parties to Hamman's prior suits and, as stated above, have filed extensive pleadings responding to Hamman's recycled claims, and have had a multiple full and fair opportunities to respond to his baseless claims. Claims 1-13 are therefore subject to dismissal on this basis as well.

### III.   TO THE EXTENT THAT HAMMAN CHALLENGES VALENCIA'S DUAL ENROLLMENT ADMISSIONS REQUIREMENTS, SUCH CLAIMS SHOULD BE DISMISSED AS MOOT BECAUSE HAMMAN WAS ADMITTED TO VALENCIA'S PROGRAM.

The Amended Complaint contains a laundry list of perceived grievances, some of which are entirely moot – at least with respect to admissions requirements for Valencia.  An action is "moot" when there is no actual controversy, or when the issues no longer exist.  *Louis v. Duke,* 2017 WL 6059546, at *2 (M.D. Fla. Dec. 7, 2017) (nothing that a "case becomes moot, and ceases to be a case or controversy, when it no longer presents a live controversy with respect to which the Court can give meaningful relief") (citing *United States v. Al-Arian,* 514 F.3d 1184, 1189 (11th Cir. 2008)); *see also U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 748 (11th Cir. 1991) (explaining that justiciability is a threshold inquiry, and that a given "controversy must be 'live' throughout the case; federal jurisdiction is not created by a previously existing dispute").

There is no justiciable controversy regarding Valencia's G.P.A. or P.E.R.T. score admission requirements (raised in Claims 7- 9), because these issues have been rendered moot by Hamman's acceptance by Valencia into its DE program.  Hamman has already met the G.P.A. requirement, and the P.E.R.T. issue was rendered moot by his submission of a passing score on the test.  None of these alleged "illegal" requirements present a justiciable controversy to support an award of relief.  Claims 7-9 are therefore subject to dismissal on this basis as well.

### IV.   HAMMAN SHOULD BE SANCTIONED UNDER SECTION 1927 AND THIS COURT'S INHERENT AUTHORITY TO SANCTION LITIGANTS BECAUSE OF HIS EXTENSIVE HISTORY OF FILING BASELESS CLAIMS AGAINST DEFENDANTS.

As outlined above, Hamman has previously filed multiple lawsuits and other proceedings challenging Defendants' DE programs. He has a lengthy history of filing baseless and unsupported pleadings in both this Court and every court available to him, thereby wasting limited judicial

resources, and forcing Defendants to expend significant time (indeed, years) and financial resources in responding to his repetitive and frivolous motions and petitions.  Hamman has had more than ample opportunity to be heard, and this Court should issue sanctions against Hamman for continuing to litigate where there is clearly no claim.

28 U.S.C. Section 1927 provides "any attorney or other person admitted to conduct cases in any court of the United States who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, the expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2019).  For sanctions to be appropriate under Section 1927, (1) the litigant "must have engaged in unreasonable and vexatious conduct; (2) this conduct must have multiplied the proceedings; and (3) the amount of the sanction cannot exceed the costs resulting from the conduct." *Smith v. Grand Bank & Trust of Florida*, 193 Fed. App'x 833, 836 (11th Cir. 2006) (citing *Avirgan v. Hull*, 932 F. 2d 1572, 1582 (11th Cir. 1991); *McMahon v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002)).  Bad faith may be found by examining the party's objective conduct, and sanctions may be imposed for egregious conduct even where counsel does not act with the specific purpose or intent to multiply the proceedings.  *Sada v. City of Altamonte Springs*, 6:09-CV-506-ORL-31, 2012 WL 503840, at *4 (M.D. Fla. Feb. 15, 2012); *see also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1240-41 (11th Cir. 2007).  Bad faith may also be found where a litigant "knowingly or recklessly raises a frivolous argument." *Choppers Inc. v. Passaro*, 6:04-CV-1804-ORL-JGG, 2005 WL 8159907, at *1 (M.D. Fla. Dec. 9, 2005) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

In addition to imposing sanctions under Section 1927, this Court may also impose sanctions pursuant to its inherent power upon a finding of bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S.

32, 43 (1991); *see also Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320 (11th Cir. 2002). Finally, Local Rule 2.04(f) provides "[a]ttorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."

Sanctions are appropriate here under 28 U.S.C. § 1927 and this Court's inherent power because Hamman's years of unreasonable conduct and incessant filing of baseless pleadings has clearly resulted in multiplication of the proceedings. Every court that has considered the merits of his duplicative and meritless claims that he somehow is being treated unlawfully by Defendants with respect to their DE programs has rejected his arguments and, with the exception of the UCF Orange County Circuit Court Action (which remains pending, albeit dormant), has dismissed his claims. *See* Exs. 3, 6, 19, 28, 33, 36, 37. Hamman, while unrepresented, should not be permitted to continue bringing baseless actions based on claims which the Orange County Circuit Court, the Fifth DCA, the Florida Supreme Court, the United States Supreme Court, and this Court have all dismissed. At this point, Hamman's continued litigation of these issues is plainly in bad faith. This Court should exercise its inherent power and authority under Section 1927 and enter an order awarding Defendants their reasonable attorney's fees in the instant action.

## V.   HAMMAN SHOULD FURTHER BE RESTRICTED FROM FILING FUTURE *PRO SE* PLEADINGS BECAUSE OF HIS PATTERN OF FILING FRIVLOUS, REPETITIVE, AND LEGALLY UNSUPPORTED PLEADINGS.

Hamman has abused the judicial process through his pattern of filing baseless and repetitive pleadings and should not be permitted to file future pleadings without representation by a member in good standing of the Florida Bar. *See Schramek v. Jones*, 161 F.R.D. 119, 122 (M.D. Fla. 1995) (entering order prohibiting *pro se* plaintiffs from bringing future civil actions "without the benefit of counsel or prior leave of court," noting that plaintiffs had filed 15 frivolous actions in the Middle District of Florida); *see also Shivers v. United States*, 427 F. App'x 697, 699 (11th Cir. 2011) ("[i]njunctive restrictions on filings by abusive litigants are 'necessary and prudent' in order to

curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions") (internal quotations omitted); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (noting that "*pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'") (internal quotations omitted).

Here, Hamman has repeatedly filed baseless, duplicative, and frivolous pleadings in this Court, the Orange County Circuit Court, the Fifth DCA, the Florida Supreme Court, and the United States Supreme Court, wasting valuable judicial time and resources and forcing UCF and Valencia to expend significant time and financial resources to respond to his baseless pleadings While Defendants are sensitive to Hamman's constitutional right of access to courts, it is worth noting that Hamman has engaged in the same pattern of inundating courts at all levels with baseless motions and petitions for various writs since he began his crusade against Valencia in 2016.  This pattern of wasting judicial time and resources has persisted despite rulings from this Court, the Orange County Circuit Court, the Fifth DCA, the Florida Supreme Court, and the United States Supreme Court dismissing his claims and denying any injunctive relief Hamman has requested. *See* Exs. 3, 6, 19, 28, 33, 36, 37.  Despite these clear rulings, Hamman has continued his pattern in this Court, most recently in filing the frivolous Motion for TRO, Amended Motion for Reconsideration, and Amended Motion for TRO, and Motion for Expedited Hearing on Preliminary Injunction, all of which were denied (or recommended for denial) by this Court in short order.  [*See* Docs. 3, 16, 22.]

In light of these frivolous and vexatious pleadings, and in the interest of judicial economy, this Court should exercise its discretion to prevent Hamman's further abuse of the judicial system. It is clear that, absent such a restriction, Hamman will not stop and will continue to clog the court

system with meritless, recycled claims.  Specifically, Hamman should be prevented from filing future pleadings in this case, or any other action, unless signed by a member in good standing of the Florida Bar.  *See Schramek,* 161 F.R.D. at 122*; see also May v. Barthet*, 934 So. 2d 1184, 1187 (Fla. 2006) (prohibiting future *pro se* filings as sanctions for frivolous appeals); *Johnson v. Wilbur*, 981 So. 2d 479, 481 (Fla. 1st DCA), cause dismissed, 982 So. 2d 685 (Fla. 2008) (barring *pro se* plaintiffs from filing future pleadings in any case as appellants or petitioners absent representation by counsel where plaintiffs had a "profound lack of understanding of the court system" and had filed multiple, frivolous motions).  Such sanctions are warranted because, absent such a restriction, Hamman has clearly demonstrated that he will continue his pattern of abusing the judicial system.

## **CONCLUSION**

As Defendants have previously recognized, Hamman admittedly is not a practitioner in the law; however, as anyone with even a basic education understands, words and actions have consequences.  He should not be permitted to repeatedly recycle the same, baseless claims and arguments across this Court, the Orange County Circuit Court, the Fifth DCA, the Florida Supreme Court, and the United States Supreme Court.  Indeed, given Hamman's history of rambling, surreal, threatening and profanity-laced filings, the Court would be well within its authority if it were to choose to prevent Hamman from filing future pleadings in this case, or any other action, unless signed by a member in good standing of the Florida Bar.  Accordingly, this Court should grant Defendants' Motion, dismiss the Amended Complaint with prejudice and sanction Plaintiff under 28 U.S.C. § 1927 and the Court's inherent power.  Any other result would reward Hamman for his vexatious, duplicative and frivolous litigation and weaken the authority and dignity of the judicial process.

20

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I HEREBY CERTIFY that before filing the instant motion, the undersigned conferred with Plaintiff in a good faith effort to resolve the issues raised by the motion; however, Plaintiff opposes the instant motion.

DATED this 23rd day of December, 2019.

Respectfully submitted,

*s/Patrick M. Muldowney*
Patrick M. Muldowney, Esq.
Florida Bar No.:  0978396
E-Mail:  pmuldowney@bakerlaw.com
Ashley M. Schachter, Esq.
Florida Bar No.:  0119374
E-Mail:  aschachter@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone:  (407) 649-4000
Facsimile:  (407) 841-0168

**COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 23, 2019, a true and correct copy of the foregoing

has been served by U.S. First Class Mail and electronic mail upon:

Alfred Risien Hamman
E-Mail:  Alfred@hamman.net
William Hamman
E-Mail:  will@freewill.rocks
1209 N. Westmoreland Dr.
Orlando, FL 32804


*s/Patrick M. Muldowney*
Patrick M. Muldowney
